```
              UNITED STATES  DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

EUGENE LIVAUDAIS ET AL                                CIVIL ACTION

versus                                                NO. 06-10485

ALLSTATE INSURANCE COMPANY                            SECTION: E/5
et al

## ORDER AND REASONS

Plaintiff Eugene Livaudais' ("Livaudais") motion to remand to the 34th Judicial District Court for the Parish of St. Bernard is before the Court. Record document #4. Defendant Allstate Insurance Company ("Allstate") opposes the motion. After considering the motion, memoranda, the record and the law, the motion to remand is denied.

## FACTS AND PROCEDURAL BACKGROUND

Livaudais' home in St. Bernard Parish was destroyed by Hurricane Katrina.[1] Livaudais had homeowner's policy of insurance issued by Allstate, a foreign insurer doing business in Louisiana, purchased through defendant Frank B. Capella, III ("Capella"), an agent of Allstate[2]. Capella is a Louisiana domiciliary. According to the Petition, Allstate has failed to fairly and properly adjust the claim under the homeowner's policy, and Capella failed to properly advise Livaudais and to

---

[1] See, generally, Petition for Damages.

[2] Livaudais also named "ABC Insurance Company", a fictitious name for Capella's professional liability insurer. For purposes of removal, the citizenship of defendants sued under a fictitious name is disregarded. 28 U.S.C. §1441(a).

procure adequate insurance to protect his property. Livaudais filed suit in state court against defendants; Allstate removed the suit to federal court alleging diversity jurisdiction.

Allstate argues that complete diversity exists because Capella is improperly joined in an attempt to defeat diversity jurisdiction[3], and that any claims against Capella are perempted pursuant to La.R.S. 9:5606.

## ANALYSIS

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction. 28 U.S.C. §1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723.

---

[3] There is no dispute that the claim is for more than $75,000.00.

Improper joinder must be proved by the removing party "with particularity and supported by clear and convincing evidence." Doe v. Cutter Biological, 774 F.supp. 1001, 1003 (E.D.La. 1991)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3723, at 343 (2 ed. 1985)).  To determine whether there is improper joinder, the court may "pierce the pleadings" and consider summary judgment type evidence.  Parker v. Lexington Ins. Co., 2006 WL 3328040, *1 (E.D.La 11/15/2006) *citing* Travis v. Irby, 326 F.3d 644, 648049 (5th Cir. 2003).  The purpose of the inquiry is "only to identify the presence of discrete and undisputed facts that would preclude [plaintiffs'] recovery against the in-state defendant."  Botnick v. Vigilant Insurance Co., 2006 WL 2947912, *7 (E.D.La), *citing* Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573-74 (5th Cir. 2004).  When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

This Court has numerous motions to remand pending in cases similar to this one, most of which present substantially the same legal issues.  The legal standards for improper joinder, and for Louisiana law regarding the duties of an insurance agent to the insured, have repeatedly been set forth in similar cases pending in the Eastern District in recent months.  *See, e.g.,* Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.); Fidelity

Homestead Association v. Hanover Insurance Co., – F.Supp.2d –, 2006 WL 2873562 (E.D.La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406 *3 (E.D.La.); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D.La.); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D.La.); Bohannan v. Allstate Insurance Company, 06-7550 (E.D.La. December 2006).

Louisiana law imposes upon an insurance agent a fiduciary duty to the insured and the agent is liable for his own fault or neglect. Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531, 536 (E.D. La. 4/25/06), *citing* Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co., 910 F.2d 224, 229 (5th Cir. 1990). As that court explained:

> A plaintiff must prove three elements to demonstrate the agent's liability: 1) an undertaking or agreement by the broker to procure insurance; 2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and 3) actions by the agent warranting the client's assumption that the client was properly insured.

Id., *citing* Offshore Prod. Contractors, Inc., at 229 (citing Karam, 281 So.2d at 730-31. While insurance agents have a duty only to use reasonable diligence in attempting to place the insurance requested, they have a duty to supply their customers with correct information and they may be liable for negligent misrepresentation when they provide incorrect information and an

-4-

insured is thereby damaged.  Dobson, *10, *citing* Karam, 281 So.2d at 730 *and* Venture Assocs. Inc. Of La. v Trans. Underwriters of La., 634 So.2d 4, 6-7 (La.Ct.App. 1994).  On the other hand, "[a]n insured party is generally responsible for reading his policy, and he is presumed to know its provisions.  Id., *9, *citing* Motors Ins. Co. V. Bud's Boat Rental, 917 F.2d 199, 205 (5th Cir. 1990)(other citations omitted.)

In general terms, Livaudais' Petition alleges that he relied on the professional advise from Capella regarding procuring the correct amount of insurance protection, and that Capella "directly or indirectly" informed him that his policy would cover "all hurricane damages".  Petition, ¶¶ 8, 29 and 30.  The pleading is factually sparse, and Livaudais provided no affidavit or other evidence in support of his motion to remand.

Allstate provided Capella's affidavit, stating that the homeowners policy and a flood insurance policy were initially purchased on August 29, 2003; that both were renewed annually with automatic coverage increases initiated by Allstate; and that there have been no substantive changes since either was initially issued. Opposition, Ex. "A".  Capella's affidavit further states that Livaudais did not request, and Capella did not refuse to provide, any specific information regarding coverages for hurricane or flood damages, and that Livaudais did not request that the coverage and policy amounts be increased, nor did he

request a certain type or amount of coverage that was not provided.  A copy of the current policy is in the record at r.d. #1-3, showing a renewal date of August 29, 2005.

While Livaudais' Petition alleges that Capella "was negligent and breached their (sic) fiduciary duty to plaintiffs in not advising plaintiffs of the availability or need for additional coverage for flood damages" and "by directly or indirectly informing plaintiffs that the policy sold to plaintiffs would cover 'all hurricane damages'", these general allegations to not controvert the specific sworn statements in Capella's affidavit.  There is no allegation that Livaudais requested specific coverage which Capella agreed to procure, but did not.  Livaudais' counsel argues that Livaudais was not provided with a copy of his policy and relied on Capella to inform him of the policy limitations concerning flood damage during a hurricane, but no evidence was provided to support that statement.  Moreover, according to Capella's undisputed affidavit, Livaudais purchased a flood policy at the time he purchased a homeowners policy.  In short, the Petition does not state a claim against Capella under Louisiana law.  Allstate has met its burden of proving by clear and convincing evidence that removal was proper.

Accordingly,

**IT IS ORDERED** that Livaudais' motion to remand is **DENIED**.

New Orleans, Louisiana, February 15, 2007.

                                          **MARCEL LIVAUDAIS, JR.**
                                  Senior United States District Judge